1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL S.  LEMELLE,

11              Petitioner,              No. CIV S-02-1491 LKK KJM P

12        vs.

13   CHERYL PLILER, Warden,

14              Respondent.             ORDER DENYING EVIDENTIARY HEARING

15   _____/

16              Petitioner is a state prisoner proceeding with a writ of habeas corpus under 28

17   U.S.C. § 2254.   On June 8, 2005, the court held a telephonic status conference with Juliet Haley,

18   Deputy Attorney General, and Donald Lipmanson, counsel for petitioner[1] to explore whether an

19   evidentiary hearing was necessary and permissible on the question of trial counsel's belief that he

20   could not "ethically represent" petitioner.

21              The parties have  briefed the question and lodged copies of petitioner's state

22   collateral attacks.

23   /////

24

---

25        [1]  Petitioner initially had paid the filing fee for this action but subsequently submitted an
     application to proceed in forma pauperis.   On June 28, 2005, the court granted petitioner's
26   motion to proceed in forma pauperis and formally appointed counsel.

1

A.  Background

Petitioner was charged with robbery and assault with a semi-automatic firearm and was alleged to have used a firearm and inflicted great bodily injury.  He also was alleged to have suffered several prior "strikes."  CT 14-17.[2]

During state proceedings, petitioner filed a motion in pro per, asking to have counsel Carl Spieckerman relieved.  CT 124-131.  The court denied the motion.  7/2/98 RT 11.  At a later hearing,  Spieckerman sought to withdraw as counsel for petitioner.  10/7/98 RT 2-3.  The court denied this motion as well.  Id. at 10.  Petitioner ultimately entered a no contest plea, preserving his right to appeal several issues.  11/13/98 RT 7; CT 241-243.

Before sentencing, petitioner unsuccessfully sought to withdraw his plea.  CT 256-278; 4/16/99 RT 3.  Attorney Daniel Russo was appointed and filed a written motion to withdraw based on "the attached declaration and attached exhibits, the memorandum of points and authorities . . ., on the records on file in this action, and on such oral and documentary evidence as may be presented at the hearing on the motion."  CT 257.  The "attached declaration" was petitioner's and described the deterioration of his relationship with Spieckerman and his fear that, had he gone to trial, he would not have received adequate representation.  CT 261-262.

The matter was argued on April 16, 1999.   The court noted that both Russo and Spieckerman were in the courtroom.  4/16/99 RT 2.  The court asked Russo for comments; Russo asked if the court had any inquiry and submitted on the pleadings when the court did not.  Id. at 2-3.  The court denied the motion and proceeded to sentencing, with Spieckerman once again representing petitioner.  4/16/99 RT 3-4.

In the state Court of Appeal and Supreme Court, petitioner challenged the trial court's refusal to grant his motion to replace Spieckerman and Spieckerman's motion to

---

[2]  CT refers to the Clerk's Transcript and RT to the Reporter's Transcript of the state record, lodged with this court.  The transcripts were lodged in a set of exhibits to the Answer on November 7, 2002.

1  withdraw.  Answer, Ex. G at 9-25 (appellant's brief in the Court of Appeal) & Ex. D at 13-22

2  (petition for review in the California Supreme Court).

3          At the conclusion of direct review, petitioner filed habeas petitions in the Solano

4  County Superior Court, Court of Appeal, and Supreme Court.  In each of these, he included the

5  same argument:

6          Trial court violated petitioners sixth amendment rights to adequate
           representation free of conflict when the court denied (1) petitioners motion
7          to substitute counsel; and (2) defense counsel's motion to withdraw as
           defense counsel.

8          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

9
           Trial court denied petitioners  marsden motion on July 2, 1998 By
10         giving his own personal opinion in high regards for defense
           counsel's abilities based on his past observation of defense counsel
11         in his courtroom.  On October 7, 1998, defense counsel orally
           moved to withdraw as defense counsel on the following grounds:
12         (1) defense counsel declaired conflict of interest between attorney
           and client, (2) defense counsel claimed he could not represent
13         defendant "ethically", (3) that defensant has a right to a fair trial,
           and he could not put it on, (4) that in 25 years this is the first time
14         he's come to the conclusion that he couldn;t represent someone, (5)
           that he (defense counsel) had an obligation to withdraw.  On
15         October 7, 1998 trial . . . court denied defense counsel;s motion to
           withdraw (see Reporters transcript of Marsden hearing Thursday,
16         July 2, 1998 & Wednesday, October 7, 1998).

17 Answer, Ex. J (Superior Court petition) at 3 (verbatim reproduction of claim); see also id., Ex. K

18 (Court of Appeal petition) at 3; Ex. I (Supreme Court petition) at 3.  Petitioner did not attach any

19 declarations, documentary evidence or other exhibits or ask for an evidentiary hearing.

20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

B.  Hearing Under The AEDPA

   The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in pertinent part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>  (A) the claim relies on –
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

   At this stage of consideration of the instant petition, the court is required to "determine whether a factual basis exists in the record to support the petitioner's claim." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).  If the facts do not exist or are inadequate and a hearing might be appropriate, then

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

> [the] court's first task in determining whether to grant an
> evidentiary hearing is to ascertain whether the petitioner has 'failed
> to develop the factual basis of a claim in State court.'  If so, the
> court must deny a hearing unless the applicant establishes one of the
> two narrow exceptions set forth in §2254(e)(2)(A) & (B).  If, on the
> other hand, the applicant has not 'failed to develop' the facts in state
> court, the district court may proceed to consider whether a hearing
> is appropriate, or required under <u>Townsend</u>.[3]

Id.

A petitioner will be  charged with a "failure to develop" the facts if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." <u>Williams v. Taylor</u>, 529 U.S. 420, 432 (2000).  The petitioner must have "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." <u>Id.</u> at 435.  "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the state court in the manner prescribed by state law." <u>Id.</u> at 437.

In <u>Bragg v.  Galaza</u>, 242 F.3d 1082 (9th Cir.  2001), <u>amended on denial of rehearing</u>, 253 F.3d 1150 (9th Cir. 2001), petitioner argued his trial counsel had been burdened by a conflict of interest and failed to provide effective assistance of counsel because he did not undertake the investigation that could have revealed the conflict.  The trial court held several meetings with counsel and petitioner and ultimately concluded there was no conflict.  <u>Bragg</u>, 242 F.3d at 1085-86.

The Ninth Circuit rejected petitioner's claims, though recognizing that "the record leaves unanswered some key factual questions." <u>Id.</u>  at 1089.  It concluded it could not remand

---

[3]  <u>Townsend v. Sain</u>, 372 U.S. 293 (1963).  In <u>Townsend</u>, the court listed several factors to be considered to determine whether to hold an evidentiary hearing.  These are "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."  372 U.S. at 313.  The fifth factor was overruled in <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992).

1   the case for an evidentiary hearing because Bragg

2      never moved for an evidentiary hearing to resolve any factual
3      ambiguities. Also, Bragg brought his ineffective assistance of
       claims before state court only on direct review and did not take
       advantage of state collateral proceedings to develop the factual
4      record before he filed his federal habeas petition. Bragg's inactions
       show insufficient diligence to satisfy the standard set forth in
5      *Williams* and *Baja*. Because he failed to request a state evidentiary
       hearing and failed to file a state habeas petition, Bragg 'failed to
6      develop the factual basis of [his] claim in State court proceedings.'

7   Id. at 1090 (footnote omitted).

8      Respondent argues that petitioner, like Bragg, has shown "insufficient" diligence

9   because he failed to submit a declaration from Spieckerman or otherwise request an evidentiary

10  hearing at the motion to withdraw his plea, and did not seek an evidentiary hearing during the

11  direct appeal process. Opp'n at 2-3. Petitioner counters that he was indeed diligent because he

12  sought state collateral review of his conviction and this court thus may consider the Townsend

13  factors. Reply at 2-3.

14     In California, it is defendant's burden to demonstrate by clear and convincing

15  evidence the good cause necessary to support his request to withdraw a guilty plea. People v.

16  Cruz, 12 Cal.3d 562, 566 (1974); Cal. Penal Code § 1018. Although Russo presented

17  petitioner's affidavit, he did not include anything from Spieckerman or ask the court for the

18  opportunity to call Spieckerman as a witness to explain the impact of his ethical difficulties on

19  petitioner's decision to plead guilty. The parties have not suggested nor has this court found any

20  requirement that a trial court hold an evidentiary hearing sua sponte when such a motion is filed,

21  or if certain circumstances accompany the filing of a motion. Compare Cannon v. Mullin, 383

22  F.3d 1152 (10th Cir. 2004), cert. denied , __ U.S. __, 125 S. Ct. 1664 (2005) (petitioner diligent

23  when he submitted his own affidavit about counsel's advice not to testify and requested an

24  evidentiary hearing). Moreover, there is no suggestion that Spieckerman, who was present at the

25  argument on the motion, refused to cooperate with Russo. Compare United States ex. rel.

26  Hampton v. Leibach, 347 F.3d 219, 240-41 (7th Cir. 2003) (petitioner diligent even though he

1   had not presented declaration to state court because witness had refused to cooperate).

2           Petitioner's reliance on his state habeas petitions to show diligence is similarly

3   unavailing.   The California Supreme Court has established pleading requirements for state

4   habeas petitions:

5           The petition should both (i) state fully and with particularity the
            facts on which relief is sought, as well as (ii) include copies of
6           reasonably available documentary evidence supporting the claim,
            including pertinent portions of trial transcripts and affidavits or
7           declarations. Conclusory allegations made without any explanation
            of the basis for the allegations do not warrant relief, let alone an
8           evidentiary hearing.

9   People v. Duvall, 9 Cal.4th 464, 474 (1995) (citations omitted).   In this case, petitioner neither

10  requested an evidentiary hearing in any of his state pleadings nor presented anything beyond his

11  own allegations that would have required the state courts to hold an evidentiary hearing.   Finally,

12  the California Supreme Court's denial of his petition included a citation to In re Waltreus, 62

13  Cal.  2d 218, 225 (1965), which rejected habeas arguments that had been rejected on direct

14  appeal, because "habeas corpus ordinarily cannot serve as a second appeal."[4]   This suggests that

15  the California courts would not have held an evidentiary hearing on the petitions absent some

16  showing of facts not presented to the courts below.   Petitioner's pursuit of collateral review does

17  not demonstrate sufficient diligence in this case.

18          While the undersigned remains troubled by the ambiguities and gaps in the factual

19  record, she cannot find that petitioner exercised diligence to develop that record in the state

20  courts.

21  /////

22  /////

23  /////

24  /////

25

26          [4]  The Court of Appeal also cited Waltreus.  Answer, Ex. J.

                                        7

1          Accordingly, IT IS HEREBY ORDERED:

2          1.  Petitioner is not entitled to an evidentiary hearing under 28 U.S.C.

3   § 2254(e)(2);

4          2.   The evidentiary hearing set for August 1, 2005 at 10:00 a.m. is hereby

5   vacated;

6          3.  The order and writ of habeas corpus ad testificandum issued July 6, 2005 are

7   hereby vacated and recalled; and

8          4.  The Clerk of the Court is directed to serve copies of this order on Warden

9   Mark Shepherd, the out-to-court desk of the California Department of Corrections and the United

10  States Marshal's Service.

11  DATED:  July 19, 2005.

12

13

14                                          UNITED STATES MAGISTRATE JUDGE

15

16

17  2/leme1491.dh

18

19

20

21

22

23

24

25

26

8